S01A1271. HENRY COUNTY RECORD, INC. v. COMMUNITY
NEWSPAPER HOLDINGS, INC.
S01A1273. BUTTRILL et al. v. COMMUNITY NEWSPAPER
HOLDINGS, INC.
(554 SE2d 150)

HUNSTEIN, Justice.

Pursuant to OCGA § 9-13-142, the Henry County sheriff, probate court judge and superior court clerk decided to change the official legal organ of the county from The Daily Herald, which is published by appellee Community Newspaper Holdings, Inc., to The Henry County Record (the Record), published by appellant Henry County Record, Inc. Appellee filed a petition for writ of mandamus and injunctive relief on the basis, inter alia, that the Record was not legally qualified under OCGA § 9-13-142 to be the official legal organ of Henry County. The trial court granted appellee's petition. The Record appeals in Case No. S01A1271; the three county officials who selected the Record as the official legal organ appeal in Case No. S01A1273. Finding no error in the trial court's ruling, we affirm.

1. The trial court determined that the Record failed to meet the requirements set forth in OCGA § 9-13-142 (a) (3). That statute provides, in pertinent part, that no newspaper shall be declared the official organ of any county unless "[f]or a period of two years prior to designation and thereafter, the newspaper shall *have and maintain* at least 75 percent paid circulation as established by an independent audit." (Emphasis supplied.) The evidence presented to the trial court established that the Record's circulation had fallen below 75 percent paid circulation for approximately six months out of the two-year period prior to designation. The Record could meet the statutory requirement only when the calculation involved the overall percentage of paid circulation to total papers distributed during the two-year period.

We agree with the trial court that the "have and maintain" language in OCGA § 9-13-142 (a) (3) is plain and unambiguous and that this language requires a 75 percent paid circulation for every week of publication during the two-year period prior to designation in order for a newspaper to qualify under the statute.[1] The trial court correctly determined that the statutory language mandating that a newspaper not only "have" but also "maintain" a 75 percent paid circulation during the two-year period prohibits a newspaper from using an "average" circulation figure in order to meet the statutory requirement. Contrary to appellants' argument, the broad discretion

---

[1] OCGA § 9-13-142 (a) (2) provides an exception to this requirement by expressly recognizing that "[f]ailure to publish for not more than two weeks in any calendar year shall not disqualify a newspaper otherwise qualified."

vested in the designated county officials to select the legal organ for the county does not authorize those officials to disregard the clear and unambiguous language regarding the statutorily-mandated qualifications the Legislature has set forth in OCGA § 9-13-142. We find inapposite the cases appellants rely upon because they interpreted the predecessor to OCGA § 9-13-142 which lacked the "have and maintain" language present in the current statute.

2. Because the trial court correctly determined that the Record failed to meet the requirement in OCGA § 9-13-142 (a) (3) to serve as the official legal organ of Henry County, we need not address the other basis given by the trial court for its ruling.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2001.

*Crumbley & Crumbley, R. Alex Crumbley*, for appellant (case no. S01A1271).

*G. Kevin Morris, Michael A. O'Quinn, David P. Brenkskelle*, for appellants (case no. S01A1273).

*Hull, Towill, Norman, Barrett & Salley, David E. Hudson, N. Shannon Gentry Lanier*, for appellee.